# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LISA K. GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:24-cv-00155-MTS |
| | ) | |
| HABITAT FOR HUMANITY - | ) | |
| CAPE AREA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pro se Plaintiff Lisa Green's case is before the Court on Defendant Habitat for Humanity - Cape Area's Motion to Dismiss. Doc. [5]; *see also* Fed. R. Civ. P. 12(b)(6). Because even a liberal construction of the Complaint reveals Plaintiff failed to state a claim upon which relief can be granted, the Court will grant Defendant's Motion and dismiss this action with prejudice as to any federal claim therein. *See Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (providing that pro se pleadings "are to be given liberal construction"); *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010) (discussing the motion to dismiss for failure to state a claim standard).

Plaintiff's Complaint repeatedly cites Title 12, Part 1024, of the Code of Federal Regulations. *See* Doc. [1] at 3, 6. Part 1024, known as Regulation X, was issued by the Bureau of Consumer Financial Protection to implement the Real Estate Settlement Procedures Act of 1974, as amended, 12 U.S.C. § 2601 *et seq*. *See* 12 C.F.R. § 1024.1. As the United States Court of Appeals for the Eleventh Circuit has explained,

"Regulation X's requirements only apply to mortgage servicers." *Clark v. HSBC Bank USA, Nat'l Ass'n*, 664 F. App'x 810, 813 (11th Cir. 2016) (per curiam). Plaintiff's Complaint does not show that Defendant is a mortgage servicer. *See* 12 C.F.R. § 1024.2(b). For this reason, Plaintiff has failed to state a claim arising under Regulation X or under the Real Estate Settlement Procedures Act ("RESPA") itself. *See Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 715 (8th Cir. 2018) (noting RESPA "imposes various duties on mortgage loan servicers"); *see also* Fed. R. Civ. P. 8(a)(2) (providing that, to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").[1]

Plaintiff cites to no other federal law, and the Court cannot discern any other possible federal claim. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (explaining that even for a pro se plaintiff, the court "will not supply additional facts" nor "construct a legal theory for plaintiff that assumes facts that have not been pleaded")); *see also Davis v. Smith*, 638 F.2d 66, 69 (8th Cir. 1981) (Henley, J., dissenting) (opining that while courts should construe pro se pleadings "liberally in an effort to achieve substantial justice," courts "should not expand the case beyond fair articulation of [a litigant's] claim"). Because a

---

[1] Even if Plaintiff's Complaint pleaded facts that plausibly showed that Defendant was a mortgage servicer, her complaint contains only conclusory allegations of any wrongdoing. *See, e.g.*, Doc. [1] at 6 (alleging Defendant "wrongfully and unlawfully foreclosed upon my real estate"). For that reason, her Complaint fails to show a violation of Regulation X or RESPA itself even *if* they applied to Defendant. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—'that the pleader is entitled to relief.'" (quoting Fed. Rule Civ. Proc. 8(a)(2))).

liberal construction of Plaintiff's Complaint reveals she has stated no plausible federal claims, the Court will grant Defendant's Motion and dismiss her Complaint with prejudice as to any claims arising under federal law.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Habitat for Humanity - Cape Area's Motion to Dismiss, Doc. [5], is **GRANTED**.

The Court will enter herewith a separate Order of Dismissal dismissing this action with prejudice as to any claims arising under federal law.

Dated this 4th day of November 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's Complaint also cites to sections of the Missouri Revised Statutes. *See, e.g.*, Doc. [1] at 6 (citing Mo. Rev. Stat. § 443.300). To the extent that her Complaint can be construed as asserting any claims arising under Missouri law, the Court declines to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c); *see also Barstad v. Murray Cnty.*, 420 F.3d 880, 888 (8th Cir. 2005) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Any such claims are dismissed without prejudice.